**Order entered November 18, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-22-00379-CV

## CRAIG S. PITTMAN AND KELLY KONCAK PITTMAN, Appellants

### V.

## FEDERAL NATIONAL MORTGAGE ASSOC., Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-07067-B**

## ORDER
Before Justices Myers, Pedersen, III, and Garcia

We dismissed this appeal on October 6, 2022, after appellants failed to comply with our directive to file written verification they had paid or made arrangements to pay for the clerk's record or were entitled to proceed without payment of costs. Asserting appellants deposited cash in lieu of a bond to supersede the trial court's judgment, *see* TEX. R. APP. P. 24.1, appellee has filed two motions requesting that we amend our judgment to release the deposit to appellee and that we deem the request to amend timely. Appellee argues that

dismissing an appeal is equivalent to affirming the trial court's judgment, citing *Fitch v. Int'l Harvester Co.*, 354 S.W.2d 372 (Tex. 1962) (per curiam), and notes appellate rule 43.5 requires an appellate court, when the trial court's judgment has been superseded and is affirmed on appeal, to render judgment against the sureties on the supersedeas bond for the performance of the judgment and for any costs taxed against the appellant.

Appellate Rule 43.5, however, is inapplicable. When, as here, the appeal is dismissed, the applicable rule is appellate rule 24.1(d)(1), which provides that a deposit in lieu of a bond is subject to liability for all damages and costs that may be awarded against the appellant only if the appellant does not perform the trial court's judgment.

We deem the motion to amend timely, but, in light of rule 24.1(d)(1), **DENY** the motion.

/s/     BILL PEDERSEN, III
        JUSTICE